Dooley Roberts & Fowler LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Plaintiff's Successor in Interest,
Pramco II LLC

**FILED**
DISTRICT COURT OF GUAM
MAY 30 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CIVIL CASE NO. CIV 95-00110 |
| Plaintiff, ) | |
| vs. ) | **MOTION FOR SUBSTITUTION OF PARTY AND TO REVIVE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| MANUEL D. DEGRACIA and JACINTA DEGRACIA, ) | **(Oral Argument Not Requested)** |
| Defendants. ) | |

Plaintiff's successor in interest., Pramco II LLC, moves pursuant to FRCP 25(c) to be substituted for the United States of America as plaintiff in this action. In addition, Pramco II LLC moves pursuant to FRCP 69(a), FRCP 81(b) and 7 GCA §23106 to revive the Judgments in this action. This motion is based upon this Motion, the following Memorandum of Points and Authorities, the accompanying Declaration of Seth Forman, and all documents and pleadings on filed in this action. The movant does not request oral argument on this motion.

DOOLEY ROBERTS & FOWLER LLP

Date: May 28, 2006    By: _Seth Forman_
SETH FORMAN
Attorneys for Pramco II LLC

Notice Of Motion And Motion For Substitution Of Party and to Revive Judgment,
Memorandum Of Points And Authorities
*United States of America vs. DeGracia, et al.*
Civil Case No. CIV95-00110
Page 2

## MEMORANDUM OF POINTS AND AUTHORITIES

A.  **Facts**

All facts set forth below are based on pleadings and documents on file in this action and the accompanying Declaration of Seth Forman.

Plaintiff United States of America filed the Complaint in this action on September 11, 1995, seeking collection upon two promissory notes executed by defendants in favor of the U.S. Small Business Administration ("SBA"). A Default Judgment was filed on October 19, 1995.

On May 7, 2001, the SBA assigned the notes to LPP Mortgage Ltd. ("LPP"). Exhibit A to Forman Declaration. On May 26, 2004, LPP assigned the notes to the current movant, Pramco II LLC. Exhibit B to Forman Declaration. There remains an unpaid balance of $24,886.03 on the notes and the subsequent judgments.

B.  **Motion for Substitution of Party**

Rule 25(c) of the Federal Rules of Civil Procedure provides that in the case of any transfer of interest, the Court may direct that the person to whom the interest is transferred to be substituted in the action. As shown by the Declaration of Seth Forman filed with this motion, plaintiff United States of America transferred its interest in the promissory note which is the subject of this action to LPP Mortgage, Ltd., which then transferred its interest to Pramco II LLC. If the United States of America transfers the subject matter of an action to a private party, substitution is proper pursuant to FRCP 25(c) and the District Court retains jurisdiction. Jones v.

Notice Of Motion And Motion For Substitution Of Party and to Revive Judgment,
Memorandum Of Points And Authorities
*United States of America vs. DeGracia, et al.*
Civil Case No. CIV95-00110
Page 3

Village of Proctorville, Ohio, 303 F. 2d 311, 313 (6th Cir. 1962). Therefore, it is appropriate that Pramco be substituted in as plaintiff in place of the United States of America.

### C. Motion to Revive Judgment

Unless a federal statute provides otherwise, issues pertaining to the dormancy and revival of a federal judgment are resolved in accordance with the practice and procedure of the state or territory in which the District Court is located. *See* McCarthy v. Johnson, 1999 U.S. App. LEXIS 1519, *3-*5 (10th Cir.). As noted in the McCarthy decision, some federal courts have held that a motion to renew or revive a judgment should be brought pursuant to FRCP 69(a), while others have held the motion should be brought pursuant to FRCP 81(b). *Id.* at *3-4. As that court further noted, this is a moot issue, because it is "beyond question that renewal of a judgment is a type of relief available to litigants, and that the requirements governing the granting of such relief are governed by state law."

Pramco II LLC is moving to have the judgments in this action revived in accordance with 7 G.C.A. §23106. Section 23106, as amended, provides the following:

> **Enforcement of a Judgment After Six Years.** In all cases the judgment may be enforced or carried into execution after the time lapse of six years from the date of entry, by leave of Court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the taking affect this section.

Notice Of Motion And Motion For Substitution Of Party and to Revive Judgment,
Memorandum Of Points And Authorities
*United States of America vs. DeGracia, et al.*
Civil Case No. CIV95-00110
Page 4

On its face, this section authorizes the revival of judgments such as those in this action by leave of Court upon motion.

C.  **Conclusion**

For the foregoing reasons, Pramco II LLC's motion should be granted, substituting Pramco II LLC for its predecessor in interest as the plaintiff in this action, and reviving the Judgments.

Respectfully submitted,

DOOLEY ROBERTS & FOWLER LLP

Date: *May 28, 2006*        By: *Seth Forman*
                            **SETH FORMAN**
                            Attorneys for Pramco II LLC